IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | |
| WINSTON C. PETERSON : | Criminal Action No. |
| : | 7:07-CR-34-HL |
| Defendant. : | |
| : | |

# ORDER

Before the Court are Defendant's Motion to Dismiss Count III of the Superseding Indictment (Doc. 119), Defendant's Motion for Reconsideration of His Renewed Motion to Suppress Grand Jury Testimony (Doc. 109), Defendant's Motion to Dismiss for Outrageous Governmental Conduct and Motion for Release of Grand Jury Transcripts (Doc. 120), Defendant's Motion to Dismiss Count II's Second Specification of Perjury (Doc. 133), and Defendant's Second Supplemental Motion for Discovery and Inspection (Doc. 122). For the following reasons, Defendant's Motions are denied. In addition, by 5 p.m. Saturday, September 6, 2008, the Government is ordered to file a Bill of Particulars that states how Defendant's alleged "tip-off" obstructed, influenced, or impeded the grand jury proceedings.

I.  **BACKGROUND**

Defendant Winston Peterson is the Sheriff of Clinch County, Georgia. On

1

November 2, 2007, the grand jury returned a five count Indictment (Doc. 1) against Defendant Peterson, charging him with extortion by a public official in violation of 18 U.S.C. § 1951 (Count I), obstruction of justice in violation of 18 U.S.C. § 1503 (Count II), perjury in violation of 18 U.S.C. § 1623 (Count III), forced labor in violation of 18 U.S.C. § 1589 (Count IV), and obstruction of justice in violation of 18 U.S.C. § 1512(c)(2) (Count V).

Count I charged that Defendant committed extortion in violation of the Hobbs Act when he charged inmates for their room and board at the Clinch County Jail. Count IV charged Defendant with using the forced labor of an inmate identified by the initials ES. Count V charged Defendant with obstruction of justice for tipping off Co-Conspirator #1, Judge Blitch, as to the identity of a confidential informant against Judge Blitch. Counts II and III charged Defendant with lying to the grand jury when asked whether he did in fact disclose to Judge Blitch the identity of a confidential informant. Defendant filed Motions to Dismiss Counts I, II, IV, and V. He also filed a Motion to Suppress Grand Jury Testimony and a Motion for Election or Separate Trial of Counts. On February 28, 2008, the Court entered an Order (Doc. 45) denying Defendant's Motion to Suppress and Motion to Dismiss Count II, granting Defendant's Motions to Dismiss Counts I, IV, and V, and denying as moot Defendant's Motion for Election or Separate Trial of Counts.

After the Court dismissed Counts I, IV, and V, the Government filed a four count Superseding Indictment (Doc. 59) that charged Defendant with the same

offenses charged in the original Indictment, except for the Hobbs Act violation that was charged in Count I.  In the Superseding Indictment, Count I corresponded to Count II of the original Indictment, Count II corresponded to the original Count III, Count III corresponded to the original Count V, and Count IV corresponded to the original Count IV.  Subsequently, Defendant filed a Motion to Suppress Evidence Obtained by Electronic Surveillance or Wiretap, a Motion for Additional Discovery and to Modify Order of Limited Disclosure of Sealed Matters, a Renewed Motion to Suppress Grand Jury Testimony, a Motion to Dismiss Count One, a Motion in Limine in Connection with Count Two, a Motion to Dismiss Count Three, a Motion to Dismiss Count Four, a Motion for Election or Separate Trial of Counts, and a Motion to Unseal Search Warrant.

On August 22, 2008, the Court issued an Order (Doc. 108) that denied Defendant's Motion to Suppress Evidence Obtained by Electronic Surveillance, Renewed Motion to Suppress Grand Jury Testimony, and Motion to Dismiss Count I.  The Court granted Defendant's Motion to Dismiss Count III, Motion to Dismiss Count IV, and Motion to Unseal.  Last, the Court denied as moot Defendant's Motion for Additional Discovery, Motion in Limine in Connection with Count II, and Motion for Election or Separate Trial of Counts.

On August 27, 2008, the Government filed a Second Superseding Indictment (Doc. 113) that contains three counts.  Counts I and II are identical to Counts I and II of the First Superseding Indictment.  Count III is the essentially the same as Count

3

III of the First Superseding Indictment, except it now alleges that the official proceedings that Defendant obstructed were grand jury proceedings in the Middle District of Georgia. Defendant was not reindicted on the forced labor charge.

## II. Discussion

### A. Motion to Dismiss Count III

Count III charges that Defendant obstructed an official proceeding in violation of 18 U.S.C. § 1512(c)(2) by disclosing to CC #1 (who is known to be Judge Brooks Blitch) the identify of a confidential informant. This offense was charged in Count V of the original Indictment, but the Court dismissed it because it did not identify the official proceeding that Defendant allegedly obstructed. After dismissal the Government filed a Superseding Indictment, charging in Count III that Defendant committed the same offense charged in Count V of the original Indictment, except Count III alleged that the official proceeding Defendant obstructed was the Court's ongoing supervision of a wiretap order. Defendant then filed a Motion to Dismiss Count III, which the Court granted because a wiretap order is not an official proceeding. Subsequently, the Government filed a Second Superseding Indictment in an attempt to cure the defect in Count III of the Superseding Indictment. Now, Count III charges that Defendant obstructed grand jury proceedings in violation of § 1512(c)(2) by disclosing to CC #1 the identity of an informant. Specifically, it alleges that Defendant obstructed "grand jury proceedings in the Middle District of Georgia which were reasonably foreseeable to the defendant." Defendant seeks dismissal

4

of Count III on the grounds that it does not allege obstruction of a federal grand jury proceeding, it does not identify the particular grand jury that was obstructed, it fails to identify the subject matter of the grand jury investigation, and it does not contain sufficient factual detail. In the alternative, Defendant requests a bill of particulars that states the grand jury that Defendant allegedly obstructed, the purpose of the grand jury investigation, how disclosing the identity of an F.B.I. informant obstructed the grand jury, the information Defendant sought to obstruct the grand jury from uncovering, and the identity of the informant.

### 1. Failure to allege federal grand jury proceedings

Under 18 U.S.C. § 1512(c)(2), it is a crime to corruptly obstruct, influence, or impede any official proceeding. 18 U.S.C. § 1512(c)(2). An "official proceeding" is defined as:

> (A) a proceeding before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a judge of the United States Tax Court, a special trial judge of the Tax Court, a judge of the United States Court of Federal Claims, or a <u>Federal</u> grand jury;
>
> (B) a proceeding before the Congress;
>
> (C) a proceeding before a Federal Government agency which is authorized by law; or
>
> (D) a proceeding involving the business of insurance whose activities affect interstate commerce before any insurance regulatory official or

5

agency or any agent or examiner appointed by such official or agency to examine the affairs of any person engaged in the business of insurance whose activities affect interstate commerce.

18 U.S.C. § 1515(a)(1).

In this case, Count III alleges that Defendant obstructed grand jury proceedings in the Middle District of Georgia. According to Defendant, this could refer to state grand jury proceedings that took place within the Middle District of Georgia. Defendant's argument on this point relies on an overly technical interpretation of the Second Superseding Indictment and ignores the fact that courts are directed to "'give the indictment a common sense construction, and its validity is to be determined by practical, not technical, considerations.'" United States v. Poirier, 321 F.3d 1024, 1029 (11th Cir. 2003) (quoting United States v. Gold, 743 F.2d 800, 812 (11th Cir. 1984)) (internal quotations omitted). Count III alleges that the proceedings were in the Middle District of Georgia, and the Middle District of Georgia is a federal judicial district. Despite the fact that "federal" does not precede "grand jury proceedings," in context it is clear that Count III is referring to federal grand jury proceedings.

### 2. Failure to identify a specific grand jury proceeding

In previous Orders, this Court has cited to the First Circuit's decision in United States v. Murphy, 762 F.2d 1151 (1st Cir. 1985), for the proposition that an indictment alleging a violation of 18 U.S.C. § 1512 must identify the official

6

proceeding the defendant allegedly obstructed. In Murphy the defendant was indicted under 18 U.S.C. § 1512(a)(1) for threatening a witness with the intent to influence the witness's testimony in an official proceeding. The indictment did not allege the specific official proceeding that was involved. Id. at 1153. On appeal, the First Circuit Court of Appeals applied the standards set out by the Supreme Court in Russell v. United States, 369 U.S. 749 (1962), and concluded that the indictment did not sufficiently apprise the defendant of what he had to meet because it was "wholly unclear from the indictment" which official proceeding the grand jury had indicted the defendant for obstructing. Murphy, 762 F.2d at 1154. In addition, the court noted that the course of the defendant's trial exemplified the dangers associated with such a vague indictment because the Government pressed two different theories of the defendant's guilt to the jury. Id. at 1154-55. During the opening statement, the Government identified a particular official proceeding as the one defendant had obstructed, while in its closing it identified a completely different official proceeding. Id. Accordingly, the court reversed the defendant's conviction and remanded with instructions to dismiss the indictment. Id. at 1155.

Although the Eleventh Circuit has never explicitly adopted the First Circuit's holding in Murphy, in United States v. Shotts, 145 F.3d 1289 (11th Cir. 1998), the Eleventh Circuit addressed whether the indictment before it met the requirements of Murphy. In Shotts Count 22 charged the defendant with a violation of 18 U.S.C. § 1512(b)(2). Id. at 1301. Under § 1512(b)(2) it is a crime to "corruptly persuade" a

person to destroy evidence with the intent to impair that evidence's availability in an official proceeding. 18 U.S.C. § 1512(b)(2). After the defendant was convicted on Count 22, he appealed to the Eleventh Circuit, arguing, among other things, that the indictment was deficient because it did not identify the official proceeding in which the destroyed evidence was to be used. Shotts, 145 F.3d at 1302. In support of this argument, the defendant relied on Murphy, but the Eleventh Circuit held that Murphy was distinguishable from the case before it. Id. The court noted that in Murphy, the indictment did not "in any way" identify the official proceeding. Id. In contrast, in the case before the court in Shotts, Count 22 realleged the Introduction of the indictment, and the Introduction adequately identified the official proceeding. Id. As a result, the Eleventh Circuit held that Count 22 adequately identified the official proceeding.

In this case, Count III alleges that Defendant obstructed "grand jury proceedings in the Middle District of Georgia which were reasonably foreseeable to the defendant," but it does not identify the specific grand jury proceedings. Similar to Shotts, other parts of the Second Superseding Indictment do identify the specific grand jury proceedings. The Introduction to Count I alleges:

> Beginning on or about August 2005 to the present, a federal grand jury in the Middle District of Georgia was conducting an investigation into whether elected officials, and others involved in law enforcement, and the judicial process were involved in corrupt activities in violation of federal law in the Alapaha Judicial Circuit, including Clinch County.

8

(Second Supersed. Indict., Count I).  Unlike <u>Shotts</u>, however, Count III does not incorporate this paragraph from Count I.  Nevertheless, the Court concludes that the failure to explicitly incorporate this paragraph is not fatal to Count III.

As the Court noted above, courts are directed to give a common sense construction to an indictment, and overly technical interpretations should be avoided. In this case, Counts I through III are all related in some way.  Specifically, Count I alleges that Defendant obstructed justice in violation of 18 U.S.C. § 1503 when he lied to the grand jury about whether he disclosed to CC #1 the identify of the informant.  The grand jury that was allegedly obstructed was the one conducting an investigation into law enforcement and other elected officials in the Alapaha Judicial Circuit.  Similarly, Count II alleges, among other things, perjury based on the same lie that serves as the basis for the obstruction charge in Count I.  Finally, Count III alleges that Defendant actually obstructed grand jury proceedings by disclosing to CC #1 the identify of the informant.  Giving Count III a common sense interpretation, it is clear from the overall context of the Second Superseding Indictment that the grand jury proceedings mentioned in Count III are the same ones identified in Count I's Introduction–that is, the federal grand jury that was conducting an investigation into whether public officials in the Alapaha Judicial Circuit were involved in corrupt activities.  Accordingly, Defendant's Motion to Dismiss Count III on this ground is denied.

### 3. Failure to identify the subject matter of the grand jury's inquiry

Next, Defendant seeks dismissal on the ground that Count III does not allege the subject matter of the grand jury's investigation. It is well-established that an indictment is sufficient if (1) it contains the elements of the offense intended to be charged and sufficiently apprises the defendant of the charge he must defendant against, and (2) it permits the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. Hamling v. United States, 418 U.S. 87, 117 (1974). An indictment generally will be held sufficient if it charges in the language of the statute. United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004).

In this case, Count III adequately charges a violation of § 1512. It charges all the elements of the offense, it sufficiently apprise him of the charge he must defend against, and it permits him to plead an acquittal or conviction in bar of future prosecutions. Defendant does not cite any authority for the proposition that an indictment charging a violation of this statute is subject to dismissal if it does not allege the purpose of the grand jury's investigation. As a result, Defendant's argument on this point is rejected. Moreover, as the Court noted above, the Second Superseding Indictment does allege the subject matter of the grand jury's investigation. Thus, even if the grand jury's purpose is a required allegation, the Second Superseding Indictment contains such an allegation.

### 4. Lack of factual detail

Last, Defendant contends that Count III is subject to dismissal on the ground

that it does not contain sufficient factual detail. Defendant's argument on this point is without merit. As the Court noted above, Count III adequately charges a violation of § 1512. The factual detail that Defendant contends is missing is not a prerequisite to a valid indictment.

### 5. Bill of Particulars

In the alternative, Defendant moves for a bill of particulars that states the grand jury that Defendant allegedly obstructed, the purpose of the grand jury investigation, how disclosing the identity of an F.B.I. informant obstructed the grand jury, the information Defendant sought to obstruct the grand jury from uncovering, and the identity of the informant. As previously noted, the Second Superseding Indictment identifies the grand jury that was allegedly obstructed, and the purpose of that grand jury. In addition, the Government previously filed a Bill of Particulars (Doc. 106) as to Count One of the Superseding Indictment, in which the Government states the information that Defendant sought to prevent the grand jury from discovering and the identity of the informant. Last, the Bill of Particulars states how Defendant's alleged false testimony in Counts I and II had the natural and probable effect of obstructing justice, but it does not state how disclosing the identity of an informant obstructed the grand jury. Because this information is essential to his defense, no later than 5 p.m. Saturday, September 6, 2008, the Government is ordered to file a Bill of Particulars that states how Defendant's alleged "tip-off" obstructed, influenced, or impeded the grand jury proceedings.

11

**B. Motion for Reconsideration of Renewed Motion to Suppress Grand Jury Testimony**

Defendant seeks suppression of his grand jury testimony on the ground that the Government secured Defendant's testimony before the grand jury by misrepresenting to him that he was not a target of the grand jury's investigation. In support of this argument, Defendant relies primarily on the Second Circuit's decision in United States v. Jacobs, 547 F.2d 772 (2d Cir. 1976). Defendant contends that under Jacobs, this Court can exercise its supervisory authority over the grand jury process to order suppression because the Government violated an internal DOJ policy that required the Government to tell Defendant prior to testifying that he was a target of the grand jury's investigation.[1]

This is the third time that Defendant has filed a Motion to Suppress Grand Jury Testimony. The Court denied the first Motion to Suppress for two reasons. First, the Court's supervisory authority over the grand jury process is limited to exceptional circumstances, see United States v. Meyers, 123 F.3d 350 (6th Cir. 1997), and Defendant had not established any exceptional circumstances. Second, Defendant had not established that he was actually a target of the grand jury's investigation. After denial of his first Motion to Suppress, Defendant filed a Renewed Motion to Suppress Grand Jury Testimony, in which he contended that a newly discovered

---

[1]Defendant's argument is based solely on the fundamental unfairness of the Government's conduct, and the ability of the Court to exercise it supervisory powers to remedy this unfairness. Defendant does not make any constitutional arguments.

transcript of a conversation between prosecutors and grand jurors established that he was a target. Again, the Court rejected Defendant's argument because the conversation did not establish that he was a target, and because Defendant had an obligation to tell the truth regardless of whether he was a target. Now, Defendant seeks suppression for a third time because a recently unsealed search warrant of the Clinch County's Sheriff's Office affirmatively demonstrates that he was a target of the grand jury's investigation at the time he testified. Specifically, the warrant alleges that there is probable cause to believe that Sheriff Peterson committed a violation of 18 U.S.C. § 1589 (forced labor) by employing an inmate on a privately owned blueberry farm. Because the warrant was prepared on May 30, 2007, fourteen days before Defendant testified before the grand jury, and because Defendant was subsequently indicted on the forced labor charge, he argues that it is clear that he was a target at the time he testified before the grand jury. Thus, he contends that his grand jury testimony should be suppressed because the Government represented to him that he was a subject of the investigation, not a target.

The United States Attorney's Manual provides that a "'target' is a person as to whom the prosecutor or the grand jury has substantial evidence linking him or her to the commission of a crime and who, in the judgment of the prosecutor, is a putative defendant." USAM § 9-11.151. A subject, on the other hand, is "a person whose conduct is within the scope of the grand jury's investigation." Id. Prior to

testifying before the grand jury, federal agents swore out a search warrant for Defendant's office based on the allegation that there was probable cause to believe that he committed the federal offense of forced labor. The warrant was not executed because Defendant knowingly and voluntarily consented to the search when agents arrived to execute the warrant. But it is clear that prior to Defendant testifying, the Government had probable cause to believe that Defendant violated the forced labor statute, and agents had searched Defendant's office for evidence of this violation. In addition, Defendant was subsequently indicted for the forced labor offense at the same time he was indicted for allegedly lying to the grand jury. Based on these facts, it seems somewhat disingenuous for the Government to continue to argue that Defendant was not a target. Nevertheless, the failure to apprise Defendant of his target status does not necessarily compel the conclusion that his grand jury testimony should be suppressed.

Other than Jacobs, Defendant has not cited the Court to any cases in which a district or appellate court has suppressed grand jury testimony based on the failure to give target warnings. To the contrary, the great weight of authority establishes that the failure to give target warnings is not grounds for suppression. See e.g., United States v. Myers, 123 F.3d 350 (6th Cir. 1997); United States v. Goodwin, 57 F.3d 815 (9th Cir. 1995); United States v. Gillespie, 974 F.2d 796 (7th Cir. 1992); United States v. Martino, 825 F.2d 754 (3d Cir. 1987); United States v. Babb, 807

F.2d 272 (1st Cir. 1986); United States v. Whitaker, 619 F.2d 1142 (5th Cir. 1980).[2]

As the Seventh Circuit has observed:

> "The Department of Justice may give such weight as it chooses to its internal rules. In all but the most exceptional cases, he who writes the rules may choose the actions for noncompliance.... [A]n effort to foist on the Executive Branch a sanction it does not wish could lead the Executive Branch to abandon [its] policy rather than suffer unwarranted reversals. Neither defendants nor courts would benefit from such an outcome."

Gillespie, 974 F.2d at 802 (quoting United States v. Schwartz, 787 F.2d 257, 267 (7th Cir. 1986)).

In this case, the Court is faced with a situation in which Defendant apparently fit the technical definition of a target at the time he testified before the grand jury, yet the Government affirmatively represented to him that he was not a target. While the Court is troubled by the Government's failure to abide by its own internal policies, the Court is unwilling to suppress the grand jury testimony. The DOJ formulated its policy on target warnings, and it has the primary, if not the sole, authority to enforce that policy. There may, of course, be cases with exceptional circumstances that

---

[2]The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981). This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc. Id.

compel a contrary conclusion, but this is not one of those cases. In addition, as the Court has noted in previous Orders, the obligation to tell the truth applies to everybody who testifies before the grand jury, regardless of whether they are a target, and Defendant was fully aware of the consequences of giving untruthful testimony. Defendant's third Motion to Suppress Grand Jury Testimony is denied.

### C. Motion to Dismiss for Outrageous Governmental Conduct and Motion for Release of Grand Jury Transcripts

Defendant moves for dismissal based on alleged prosecutorial misconduct, and he seeks the release of grand jury transcripts. The Government opposes the Motion on the ground that it is untimely. The Court agrees with the Government. The original Indictment was filed on November 2, 2007. On November 15, 2007, the Magistrate Judge filed the Standard Pretrial Order (Doc. 7), which provides, "Within **TWENTY (20) DAYS** after receipt of this order, the defendant(s)...must submit any requests and/or notices hereunder and such additional motions as may be pertinent to this case." (emphases in original). On August 29, 2008, over nine months after the Standard Pretrial Order was entered and only a little over a week before the trial is scheduled to begin, Defendant filed this twenty-eight page Motion. Although the original Indictment has been superseded twice, the time to file this Motion started to run the day the Standard Pretrial Order was filed, and it expired twenty days thereafter. The time period did not reset itself each time a superseding indictment was filed as none of the superseding indictments changed the essential facts that

underlie this Motion. In fact, the only thing the Second Superseding Indictment did was change the official proceeding that was alleged in Count III. In sum, the essential facts Defendant relies on in this Motion have been known to him for many months, and some of the issues raised in this Motion, such as his perjury trap claim, have been previously raised by Defendant and rejected by this Court. To allow this tardy motion to move forward, the Court would have to grant the Government twenty days to respond, which would push back the trial's scheduled start date of September 8, 2008. Not only would the Court have to allow the Government time to respond, but the Court would have to allow a reply period for Defendant. In other words, to allow for appropriate briefing and consideration of this Motion, the trial of this case would have to be rescheduled for a separate trial period, and the Court is unwilling to postpone the trial so that it can rule on a motion that could have been, and should have been, filed months ago. Defendant Motion to Dismiss for Outrageous Governmental Conduct and Motion for Release of Grand Jury Transcripts is denied as untimely.

**D. Motion to Dismiss Count II's Second Specification of Perjury**

Count II of the Second Superseding Indictment contains the same two specifications of perjury and charges in exactly the same language as Count II of the First Superseding Indictment.[3] The First Superseding Indictment was filed on March

---

[3] The perjury charge in the original Indictment did not contain the second specification of perjury that is at issue in this Motion.

11, 2008. The Standard Pretrial Order provides that in the event a superseding indictment is filed, the "parties shall have TEN (10) DAYS following arraignment on the superseding indictment to make additional requests under this order and/or to file additional motions." (emphasis in original). In this case, Defendant was arraigned on the First Superseding Indictment on March 12, 2008, and under the terms of the Pretrial Order, he had ten days following arraignment to file additional motions. Defendant, however, did not file this Motion until September 3, 2008, which is approximately six months after the First Superseding Indictment was filed and only three business days before the trial is supposed to start. The Court recognizes that the Second Superseding Indictment was filed on August 27, 2008, but it did not change Count II's second specification of perjury. As with the Motion to Dismiss for Outrageous Governmental Conduct, Defendant could have file this Motion many months ago, but he chose to wait until three business days before trial to do so. The Motion to Dismiss Count II's Second Specification of Perjury is denied as untimely.

### E. Second Supplemental Motion for Discovery

Defendant seeks discovery of pen register logs and telephone records referred to in paragraphs 116-127 of the Affidavit in Support of Application for Order Authorizing Interception filed under Case No. 5:07-MJ-0403. According to Defendant, these items are exculpatory because they reveal that Defendant did not place phone calls to Judge Blitch during the time period in which law enforcement officials were monitoring the target telephone lines. Under Brady v. Maryland, 373

U.S. 83 (1963), "the prosecution must disclose, upon request, evidence that is material either to guilt or to punishment." Mize v. Hall, 532 F.3d 1184, 1193 (11th Cir. 2008). The test for materiality is whether "'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Id. (quoting United States v. Bagley, 473 U.S. 667, 682 (1985)).

Here, the Court is unable to see how the sought materials are exculpatory under Brady. Defendant is charged in two counts with perjury and obstruction based on alleged lies and misleading testimony before the grand jury. He is charged in a third count with obstruction of an official proceeding for tipping off Judge Blitch about the identity of an informant. Assuming that the pen register logs and telephone records demonstrate that Defendant did not call the target telephone lines during the time period at issue, Defendant has not established how this fact is materially exculpatory of the perjury and obstruction charges he faces. The Motion for Discovery is denied.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motions are denied.

**SO ORDERED**, this the 5th day of September, 2008

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc