# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | : Case No. 7:07-CR-34 (HL) |
| | : |
| **WINSTON C. PETERSON,** | : |
| | : |
| Defendant. | : |
| _____ | |

# ORDER

This matter is before the Court on Defendant's Motion for Attorneys' Fees and Costs (Doc. 164). Defendant is ordered to file a second amended motion which complies with the instructions set forth below.

**I.     PROCEDURAL HISTORY**

Defendant Winston C. Peterson was charged in a five-count indictment returned by a grand jury on November 2, 2007. Defendant was charged with extortion by a public official in violation of 18 U.S.C. § 1951 (Count I), obstruction of justice in violation of 18 U.S.C. § 1503 (Count II), perjury in violation of 18 U.S.C. § 1623 (Count III), forced labor in violation of 18 U.S.C. § 1589 (Count IV), and obstruction of justice in violation of 18 U.S.C. § 1512(c)(2) (Count V).

In an Order dated February 28, 2008, the Court dismissed Counts I, IV, and V (Doc. 45). A superseding indictment (Doc. 59) containing obstruction of justice (Counts I and III), perjury (Count II), and forced labor (Count IV) charges was returned on March

11, 2008.  The Court dismissed Counts III and IV of the superseding indictment on August 14, 2008 (Doc. 105).  The grand jury returned a second superseding indictment (Doc. 113) on March 27, 2008, charging Defendant with obstruction of justice in violation of 18 U.S.C. § 1503 and 18 U.S.C. § 1512(c)(2) (Counts I and III) and perjury in violation of 18 U.S.C. § 1623(a) (Count II).  Defendant was subsequently acquitted of those three counts by a jury.

Defendant now moves the Court to award him attorney's fees and costs pursuant to 18 U.S.C. § 3006A, also known as the Hyde Amendment.  This amendment permits an award of attorney's fees and other litigation expenses to a prevailing party in a federal criminal case who retained counsel where the position of the Government was "vexatious, frivolous, or in bad faith."  Pub.L.No. 105-119, 111 Stat. 2440, 2519, *reprinted in* 18 U.S.C. § 3006A.  These awards are to be granted pursuant to the procedures and limitations provided for an award under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA").  The Court will first address whether Defendant meets the criteria established by 28 U.S.C. § 2412 for an award of attorney's fees.

## II.   Adequacy of 28 U.S.C. § 2412 application

28 U.S.C. § 2412(d)(1)(B) requires a party seeking an award of fees to submit an application for fees within thirty days of final judgment in the action.  The application must show that "the party is a prevailing party and is eligible to receive an award..., and the amount sought, including an itemized statement from any attorney or expert witness

representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." Id.

### A.   Amount of fees and expenses sought

After the jury verdict was returned, judgment was entered in Defendant's favor on September 12, 2008 (Doc. 161).  Defendant filed the motion at issue (Doc. 164) on October 12, 2008.  This initial application did not contain a statement of the amount sought or an itemized statement of the time expended and the rate charged by the attorneys.[1]  Defendant filed an amended motion (Doc. 165) on October 13, 2008, which provided the Court with Statements of Account from Savage, Turner, Pinson & Karsman and Zipperer, Lorberbaum & Beauvais, the two firms which represented Defendant in this matter.  In neither motion, however, does Defendant provide the Court with the amount of fees sought.  It is Defendant's responsibility under § 2412 to provide the Court with a requested amount; it is not the Court's responsibility to guess as to what that amount might be.

The Court directs Defendant to file a second amendment to his Motion.  This amendment should contain the exact amount of fees and expenses requested, along with an itemization of the fees charged by each person who has worked on this matter

---

[1] Page 8 of the Motion states that "[a] true and correct copy of the statement of charges from Sheriff Peterson's counsel, including actual time expended and the rate at which fees and other expenses were computed, has been attached hereto as Exhibit 'C'." No such exhibit was filed with the Motion.

on Defendant's behalf, along with his or her title (attorney, law clerk, etc.). Defendant should also provide the Court with the total number of hours worked on this matter.

### B.     Eligibility to receive fee award

In order to receive a fee award, Defendant must show that he is a "party" who is "eligible" to receive the award. 28 U.S.C. § 2412(d)(2)(B) defines "party" as "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed...." In the Motion, Defendant states that "[a]s of the date of this filing, [he] has a net worth of less than $2 million as required under the Hyde Amendment." (Doc. 164, p. 8).

Under the EAJA, the applicant bears the burden of establishing eligibility for attorney's fees. *See* Broaddus v. United States Army Corps of Eng'rs, 380 F.3d 162, 168 (4th Cir.2004). The statute does not specify the evidence that must be proffered in order to establish financial eligibility. Here, Defendant has done no more than make a bare assertion that his net worth was below $2,000,000 when this action was filed. While a "request for attorney's fees should not result in a second major litigation," Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933 (1983), the Court believes at least *some* evidence regarding Defendant's net worth is required, especially in light of the materials filed by the Government under seal (Doc. 168) in support of their response to the Motion. Accordingly, Defendant is instructed to provide the Court with evidence to support his assertion that his net worth was less than $2,000,000 at the time this action was filed on October 12, 2008.

### III. CONCLUSION

The Court reserves ruling on Defendant's Motion until it is provided with additional information. Specifically, Defendant should furnish the Court with the exact amount of fees and expenses requested, an itemization of the fees charged by each person who has worked on this matter on Defendant's behalf, along with his or her title, the total number of hours worked on the matter, and evidence of his net worth at the time this action was filed. This information must be provided on or before May 1, 2009.

**SO ORDERED**, this the 22nd day of April, 2009.

                                              *s/ Hugh Lawson*
                                              **HUGH LAWSON, SENIOR JUDGE**

mbh