**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **WINSTON C. PETERSON** | : | **Criminal Action No.** |
| | : | **7:07-CR-34-HL** |
| **Defendant.** | : | |
| | : | |
| | : | |
| | : | |

# ORDER

On September 11, 2008, Winston Peterson, formerly a defendant in this criminal action, was acquitted of all charges then pending against him. After his acquittal, Peterson filed the Motion for Attorney's Fees (Docs. 164, 165, & 171)[1] that is presently before the Court. Peterson contends that he is entitled to attorney's fees under the Hyde Amendment, 18 U.S.C. § 3006A. "The Hyde Amendment 'provides for the award of attorney's fees and [related litigation] costs to a prevailing criminal defendant who establishes that the position the government took in prosecuting him was vexatious, frivolous, or in bad faith.'" United States v. Adkinson, 247 F.3d 1289, 1291 (11th Cir. 2001) (quoting United States v. Gilbert, 198 F.3d 1293, 1296 (11th Cir. 1999)) (alteration in original). Peterson has failed to establish that any of the Government's positions in this case were vexatious, frivolous, or in bad faith, as

---

[1]The last two docket numbers are simply amendments and supplements to the original Motion for Attorney's Fees, which is Doc. 164.

those terms are used in the statute.  See Gilbert, 198 F.3d at 1298-99 (defining Hyde

Amendment's statutory terms).  His Motion for Attorney's Fees is therefore denied.

The Government's Motion for Discovery (Doc. 175) is denied as moot.

     **SO ORDERED**, this the 16th day of June, 2009.


                                           ***s/   Hugh Lawson***

                                           **HUGH LAWSON, Judge**

dhc

2